CASE 68—PETITION EQUITY—SEPTEMBER 30.

# Cain vs. McHarry.

APPEAL FROM LOUISVILLE CHANCERY COURT.

During the pendency of her suit for alimony and divorce *a vinculo*, against her absconding husband, to the extent of the amount of alimony adjudged to her the plaintiff has the right to make other parties and recover judgments against them for money won by them from her husband by unlawful betting on a horse-race. Although the Woodlawn Race-course was chartered for the expressed purpose of racing, yet, while it encourages racing, it does not legalize betting. A collusive release obtained *pendente lite* can be of no avail.

THOS. N. LINDSEY,                          For Appellant.

E. S. WORTHINGTON,                      On same side,
                    CITED—
   2 *Acts* 1859–60, 854.
   *Code, secs.* 9, 51, 121, 161.
   *Rev. Stat., p.* 42, *sec.* 4.

O. H. STRATTON,                          For Appellee,
                    CITED—
   *Rev. Stat., p.* 562, *chap.* 42, *sec.* 3.
   *Rev. Stat., p.* 12, *art.* 2, *sec.* 4.
   *Rev. Stat., chap.* 47, *art.* 3, *sec.* 3.
   *Civil Code, secs.* 35, 40, 42, 49, 51, 462.
   8 *Practice Rep., p.* 395 ; *Brownson vs. Gifford.*
   3 *Met.*, 486 ; *Williams vs. Gooch.*
   *Civil Code, sec.* 120, *clause* 2.
   14 *B. M.*, 248 ; *Petty vs. Malier.*
   *Acts* 1859–60, 854.
   15 *B. M.*, 635 ; *Conner vs. Ragland.*
   11 *B. M.*, 5 ; *Roberts vs. Commonwealth.*

6 *B. M.*, 93 ; *McKinney vs. Pope's adm'r.*
12 *B. M.*, 141 ; *Bevil vs. Hix.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee was a creditor of her absconding husband to the extent of the alimony of one thousand dollars adjudged to her in her suit against him for a divorce *a vinculo;* and, during the pendency of that suit, she had a right to make the appellant a party and claim judgment against him for money won by him from her husband by unlawful betting on a horse-race at Woodlawn.

Although that race-course was chartered for the expressed purpose of racing, yet, while it thus encourages racing, it does not legalize betting, which is not necessary for the effectuation of its purpose, and is forbidden by the general law, which is neither expressly nor constructively repealed by the charter.

The appellee having a right to sue in her own name for alimony and divorce, she had the incidental right in like manner to sue the appellant for securing payment of her alimony; and this right is moreover expressly recognized by the *4th section of article 2, Revised Statutes, title* "*Husband and Wife.*"

The collusive release obtained *pendente lite* can be of no avail to the appellant; and his admission that he won and received eight hundred dollars authorized the judgment for that amount.

Wherefore, the judgment is affirmed.